**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD L. WILBORN, | No. 21-56391 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01981-LAB-BGS |
| v. | |
| ALEJANDRO N. MAYORKAS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Harold L. Wilborn appeals pro se from the district court's judgment

dismissing his employment action alleging various constitutional and Title VII

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(6)); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (subject matter jurisdiction). We affirm.

The district court properly dismissed Wilborn's constitutional claims as barred by sovereign immunity and because the Civil Service Reform Act precludes him from "seeking injunctive relief for his asserted constitutional injury just as it precludes him from bringing a *Bivens* action for damages." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that the United States is immune from suit unless it has expressly waived its sovereign immunity, and "sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants").

The district court properly dismissed Wilborn's Title VII retaliation claim because Wilborn failed to allege facts sufficient to show there was a causal relationship between any protected activity and a materially adverse employment action. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642, 646 (9th Cir. 2003) (setting forth elements of Title VII retaliation claim and explaining what constitutes an adverse employment action).

The district court did not abuse its discretion by denying Wilborn's request for leave to file a sur-reply opposing defendant's motion to dismiss because Wilborn did not raise any new evidence or new arguments. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (standard of review for a district

21-56391

court's decisions concerning its management of litigation).

We reject as unsupported by the record Wilborn's contentions that the district court was biased against him and that he was denied due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**